UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-0269 MHP |
| Plaintiff, | ) ) | |
| | ) | ORDER OF DETENTION |
| v. | ) ) | |
| JEE FONG LOW, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

This matter came before the Court on March 25, 2009 for a detention hearing. Defendant Jee Fong Low was present in custody and represented by attorney Rita Bosworth. Assistant U.S. Attorney Christine Wong appeared on behalf of the United States.

Pretrial Services submitted a report that recommended release on an unsecured bond, assuming that suitable sureties could be identified, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by

clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community and by a preponderance of evidence that no condition or combinations of conditions of release will reasonably assure the Defendant's appearance at trial.  Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

## II.   RELEVANT LEGAL STANDARD

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, governs pretrial detention of criminal defendants.  Under the procedures set forth in 18 U.S.C. § 3142, pretrial detention is appropriate when a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e).  In cases involving narcotics offenses where the maximum term of imprisonment is ten years or more and in cases involving 18 U.S.C. § 924(c), it is presumed that there are no conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e).   The defendant has the burden of producing or proffering evidence to rebut the presumption.  United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).  The burden of persuasion remains with the Government.

If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified several relevant statutory factors in determining whether pretrial detention is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); United States v. Winsor, 785 F.2d 755 (9th Cir. 1986); Motamedi, 767 F.2d at 1407.

ORDER OF DETENTION
No. CR 09-0269 MHP                            2

### III.   ANALYSIS AND FINDINGS

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of possessing, with intent to distribute, a variety of controlled substances, including cocaine, marijuana, ecstasy and over 50 grams of cocaine base, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (C), and (D).  In addition, the Defendant is charged with possessing two firearms in furtherance of the drug trafficking crimes, in violation of 18 U.S.C. § 924(c).  The Court takes notice of the indictment and the proffer made by government counsel at the detention hearing.  According to the government's factual proffer, on or about March 24, 2008, the Defendant was arrested for possessing cocaine base and marijuana with intent to distribute.  On or about January 6, 2009, while the Defendant was out on bail for the March 2008 offense, the Defendant possessed on his person and at his home cocaine, marijuana, ecstasy and over 50 grams of cocaine base, in addition to two loaded firearms and over 100 rounds of ammunition.

The second factor, the weight of the evidence, is considered the least important.  The Bail Reform Act neither requires nor permits a pretrial determination of guilt.  *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the evidence appears strong here and is relevant "in terms of the likelihood that the person will fail to appear or will pose a danger to the community."  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).  The Court notes that the maximum sentence in this case is life imprisonment and the Defendant was found in possession of significant quantities of a variety of controlled substances, in addition to two loaded firearms and approximately 100 rounds of ammunition.

The Court further finds that the third factor, the history and characteristics of the Defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention.  The Defendant was out on bail when he committed the offenses in January 2009, and thus, has demonstrated a refusal to abide to conditions of release.  Furthermore, the Defendant was found with two loaded firearms and approximately 100 rounds of ammunition, which pose a significant danger to the community.  Finally, the only sureties proposed by the Defendant were his parents and his brother who lives in San Diego.  The Defendant was living at his parents'

1  home at the time the offenses were committed, and indeed, the drugs, guns and ammunition were
2  found at his parents' home.  This indicates the parents have little control over the Defendant.
3  The brother is a student in San Diego who works part-time.  The parents and the brother do not
4  own any property to secure any potential bond.  Given those facts, the Court finds that there are
5  no suitable sureties available.

## IV.   FINDINGS AND ORDER

Accordingly, the Court finds that the Defendant has failed to rebut the presumption of detention, that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, and that there is a preponderance of evidence showing that no condition can reasonably assure the Defendant's appearance.  The Court reaches this conclusion based on the Defendant's conduct in the instant case, his failure to comply with supervision by committing additional crimes while on release, and the lack of suitable sureties.  Therefore, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

April 13, 2009

_____
HON. EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

ORDER OF DETENTION
No. CR 09-0269 MHP                                  4